Matthew L. Sharp, Esq.
Nevada Bar No. 4746
MATTHEW L. SHARP, LTD.
432 Ridge Street
Reno, NV 89501
Phone: (775) 324-1500
Fax: (775) 284-0675
Email: matt@mattsharplaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN ARANZABE, Derivatively on Behalf of LIVE VENTURES INCORPORATED<br><br>Plaintiff,<br><br>v.<br><br>JON ISAAC, TONY ISAAC, RICHARD D. BUTLER, JR., DENNIS (DE) GAO, and TYLER SICKMEYER,<br><br>Defendants,<br><br>and,<br><br>LIVE VENTURES INCORPORATED,<br><br>Nominal Defendant | Case No.: Case 2:17-cv-01632-KJD-VCF |

## STIPULATION TO STAY CASE PENDING RESOLUTION OF SECURITIES LITIGATION

Plaintiff Martin Aranzabe ("Plaintiff"), nominal defendant Live Ventures Incorporated ("Nominal Defendant" or "Live Ventures"), and defendants Jon Issac, Tony Isaac, Richard D. Butler, Jr., Dennis Gao, and Tyler Sickmeyer ("Defendants")

1

(collectively, the "Parties") jointly submit this Stipulation to temporarily Stay the Derivative Action ("Stipulation"), and in support thereof state as follows:

**WHEREAS**, Plaintiff filed the above-captioned derivative action against Defendants seeking to remedy their alleged breach of fiduciary duties and unjust enrichment (the "Derivative Litigation");

**WHEREAS**, pending in the United States District Court for the District of Nevada (the "Federal Court") is a putative securities class action captioned *Keith Kolish v. Live Ventures Incorporated, et. al.*, Case No.: Case 2:17-cv-01258 (the "Securities Litigation");

**WHEREAS**, there is substantial overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation;

**WHEREAS**, Nominal Defendant Live Ventures is also named as a defendant in the Securities Litigation (the "Federal Securities Class Action Defendants");

**WHEREAS**, the Federal Securities Class Action Defendants anticipate filing a motion to dismiss the Complaint (or an amended complaint) for failure to state a claim;

**WHEREAS**, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as result, until the Federal Court decides the anticipated motion(s) to dismiss by the Federal Securities Class Action Defendants, the Securities Litigation will be stayed;

**WHEREAS**, in order ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff, Nominal Defendant, and Defendants have agreed that, subject to Court approval, the Derivative Litigation should be voluntarily stayed on the terms set forth below.

**NOW THEREFORE**, it is hereby stipulated by and between the undersigned that:

2

1. Counsel for Defendants shall accept service on behalf of Live Ventures, Incorporated, Jon Issac, Tony Isaac, Richard D. Butler, Jr., Dennis Gao, and Tyler Sickmeyer without waiving any defenses, other than sufficiency of service.

2. Gainey McKenna & Egleston shall serve as Interim Lead Counsel for Plaintiff in the Derivative Litigation.

3. Unless otherwise ordered by the Court, the terms of this Stipulation shall apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims, or that are otherwise deemed related to this Derivative Action. When a shareholder derivative action that properly belongs as part of this Derivative Action is hereinafter filed in this Court or transferred to this Court, Interim Lead Counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly-filed or transferred action. Interim Lead Counsel for Plaintiff shall also advise the attorneys for any plaintiff in any such newly-filed or transferred shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this pre-trial Order with the Court. Any objections to consolidation or application of the other terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served on Interim Lead Counsel for Plaintiff and counsel for Defendants. Unless otherwise ordered by the Court, the terms of all orders, rulings, and decisions shall apply to all later related shareholder derivative actions instituted herein.

4. During the pendency of this stay, Defendants shall give Plaintiff reasonable notice of any mediation with the plaintiffs in the Securities Litigation or the mediation of any similar or related derivative lawsuit or any other similar or related shareholder demand proceeding or similar or related shareholder books and records demand proceeding.

5. Notwithstanding the voluntary stay of this Derivative Action, Plaintiff may file an amended complaint. Such filing shall not constitute a Triggering Event, as

set forth in Paragraph 8, below, and Defendants shall not be required to move, answer, plead or otherwise respond to the Complaint (or any amended complaint) during the pendency of the stay of proceedings.

6. The Derivative Litigation shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

7. In the event that Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents pursuant to a shareholder books and records demand proceeding to any holder or beneficial owner of Live Venture stock, or in the Securities Litigation or in any shareholder derivative litigation in this Court or elsewhere, copies of all such documents shall be provided to Interim Lead Counsel for Plaintiff within ten (10) days, subject to the execution by Plaintiff of an appropriate confidentiality agreement and/or protective order governing the use and disclosure of these materials and proof that Plaintiff is a current holder of Live Ventures stock. Such production shall not constitute a Triggering Event, as set forth in Paragraph 8, below;

8. The stay of the Derivative Litigation shall be lifted upon occurrence of any of the following Triggering Events: (1) the dismissal of the Securities Litigation, with prejudice, by the Federal Court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Litigation filed by the Federal Securities Class Action Defendants; or (3) either of the Parties to this Stipulation has given a fifteen (15) day notice that they no longer consent to the voluntary stay of the Derivative Litigation. The Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above.

///

///

///

///

///

9. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein.

Dated: August 23, 2017

| **MATTHEW L. SHARP, LTD.** | **PETERSON BAKER, PLLC** |
|---|---|
| By: */s/ Matthew L. Sharp* <br> Matthew L. Sharp <br> 432 Ridge Street <br> Reno, NV 89501 <br> Phone: (775) 324-1500 <br> Email: matt@mattsharplaw.com | By: */s/ Tamara Beatty Peterson* <br> Tamara Beatty Peterson <br> 10001 Park Run Drive <br> Las Vegas, NV 89145 <br> Phone: (702) 786-1001 <br> Email: tpeterson@petersonbaker.com |
| **GAINEY McKENNA & EGLESTON** <br> Thomas J. McKenna <br> 440 Park Avenue South, 5th Floor <br> New York, New York 10016 <br> Phone: (212) 983-1300 <br> Fax: (212) 983-0383 <br> Email: tjmckenna@gme-law.com <br><br> *Counsel for Plaintiff* | **LANE POWELL PC** <br> Douglas W. Greene <br> Heidi B. Bradley <br> 1420 Fifth Avenue, Suite 4200 <br> Seattle, WA 98111 <br> Phone: (206) 223-6103 <br> Email: GreeneD@LanePowell.com <br> Email: BradleyH@LanePowell.com <br><br> *Counsel for Nominal Defendant and Defendants* |

## ORDER

IT IS SO ORDERED this __24th__ day of August 2017.

_____
UNITED STATES DISTRICT JUDGE

5